NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALTER GOMEZ, | : |
| Plaintiff, | : Civil Case No. 10-1233 (FSH) |
| v. | : |
| COMMISSIONER OF SOCIAL SECURITY, | : **OPINION** |
| Defendant. | : Date: August 31, 2010 |

**HOCHBERG, District Judge:**

This is an action to review a final determination of the Commissioner of Social Security denying Plaintiff Walter Gomez's claim for benefits under the Social Security Act, 42 U.S.C. § 405(g). Plaintiff is represented by James Langton, Esq. from the law firm of Langton & Alter, a frequent filer of Social Security cases in this District.

Plaintiff's Complaint was filed on March 10, 2010. Defendant answered on May 24, 2010. Local Civil Rule 9.1(a)(3) requires Plaintiff to file a brief within 60 days of the Answer being filed. Here, as explicitly noted on the docket, Plaintiff's brief was due by July 23, 2010. [Docket No. 3.] Plaintiff's counsel did not file a brief by this date, nor did he request an extension of time in which to do so.

Cognizant of its duty to manage its docket in a fair and expeditious manner, on August 2, 2010, the Court issued an Order to Show Cause requiring Plaintiff's counsel to show cause in writing by August 10, 2010 why sanctions should not be imposed for failure to comply with the

1

filing requirements of Local Civil Rule 9.1(a). In that Order, the Court noted that Local Civil Rule 9.1(b) provides that "[f]ailure to timely prepare the documents in L. Civ. R. 9.1(a) may result in the imposition of sanctions by the Court." [Docket No. 9.] Plaintiff's counsel did not timely file a submission in response to the Court's Order.

Regrettably, this is not the first time that Langton & Alter has failed to timely file a brief on behalf of its client, nor is it the first time that the Court has warned Langton & Alter that sanctions may be imposed for failing to file briefs on time. Simply put, Langton & Alter is a habitually late filer who has required continual and ceaseless prodding by the Court to file its briefs. This Court has tried everything within its power and creativity to cajole, prod, warn, exhort, and practically beg this law firm to take seriously the deadlines that are needed for the Court to decide its cases. No case can begin without a plaintiff's brief. Yet, over and over and over again, this firm does not file its brief until this Court is required to take time out of its busy schedule to order counsel to file. At this point, the refusal to file on time verges on the contumacious and is, regrettably, disrespectful of Court time and the duties of counsel to proceed without the need for the Court to become a nursemaid.

The firm's history of dilatory filing extends back to at least 2002, when the Court issued an Order to Show Cause why sanctions should not be imposed for failure to comply with the filing requirements of Local Civil Rule 9.1(a). At that time, Langton & Alter had failed to file briefs in <u>fifteen</u> cases pending before the Court.[1] In seven of those cases, Langton & Alter was

---

[1] Those cases were: <u>Brent v. Commissioner of Social Security</u> (01-3619) (FSH); <u>Crescenzi v. Commissioner of Social Security</u> (01-5945) (FSH); <u>Perez v. Commissioner of Social Security</u> (02-1282) (FSH); <u>Radmore v. Commissioner of Social Security</u> (02-1760) (FSH); <u>Rodriguez v. Commissioner of Social Security</u> (02-2095) (FSH); <u>Fliegler v. Commissioner of Social Security</u> (02-2644) (FSH); <u>Ramos v. Commissioner of Social Security</u> (02-4088) (FSH);

more than six months late in filing briefs. On February 10, 2003, the Court held a hearing providing Langton & Alter with the opportunity to demonstrate good cause for its extraordinary failure to file timely briefs. Abraham Alter, Esq. appeared on behalf of the firm. His excuse for habitual noncompliance was that his firm had taken on too many cases with too much work. Mr. Alter admitted that he had been previously called into court at least twice by judges "screaming and yelling" about his failure to timely file briefs. Shifting his own problems onto the Court, then as now, Mr. Alter audaciously stated: ". . . what usually happens is that the Federal Judge that calls and screams gets the briefs." Tr. 6. When this Court asked why he did not hire additional attorneys so that briefs could be timely filed, Mr. Alter answered: "there's not another lawyer I know who can file anything about these briefs that knows anything about Social Security whatsoever. . . . There are many Judges on the bench in this vicinage who I wouldn't let file a Social Security brief, because they don't understand the Social Security terms of art . . . . I certainly wouldn't hire any of the Judges here. That's the truth." Tr. 28-29, 36. Mr. Alter's attacks on the competency of courts is hardly new.[2]

---

Brando v. Commissioner of Social Security (02-4355) (FSH); Arias v. Commissioner of Social Security (02-4662) (FSH); Lepenica v. Commissioner of Social Security (02-4796) (FSH); Martir v. Commissioner of Social Security (02-3573) (FSH); Hernandez v. Commissioner of Social Security (01-1360) (FSH); Leon v. Commissioner of Social Security (01-3884) (FSH); Childress v. Commissioner of Social Security (01-4155) (FSH); and Colon v. Commissioner of Social Security (01-4745) (FSH).

   [2] See, e.g., Cruz v. Commissioner of Social Security, 244 F. App'x 475, 483 (3d Cir. 2007) (reprimanding Mr. Alter for "heated rhetoric" in his brief, including accusing the administrative law judge of "intentionally fix[ing] the analysis to avoid what he knows to be the proper listing," "finess[ing] step three," "tortur[ing] the evidence to death," "hav[ing] an agenda," making "intentional errors," and arriving at a "predictably goal-direction decision," calling the judge's decision "a disaster [that] must be sent back from whence it came," and demanding that his client be "put out of his social security misery"); Neal v. Commissioner of Social Security, 57 F. App'x 976, 978 n.2 (3d Cir. 2003) (warning Mr. Alter to "avoid pejorative

This Court did not sanction Mr. Alter, hoping that the need to appear at the hearing would result in compliance.  This restraint did not work.  In the years following the hearing, Langton & Alter fell back into its pattern of delinquency.  Since 2004, Langton & Alter has failed to timely file briefs in no fewer than 25 of 38 cases assigned to this Court, a pattern of habitual delinquency unmatched by any other attorney or law firm.  In an effort at restraint, and to avoid imposing sanctions, this Court has had to spend the valuable time of its Courtroom Deputy to continually call Langton & Alter about each late brief, with the resulting waste of time and delays in judicial case management.  Each time, the hope was that eventually counsel might hew to the same rules that all other attorneys are required to follow.

Unfortunately, nothing ever changed.  In early 2009, with briefs in many cases still months overdue, the Court began issuing Orders to Show Cause why sanctions should not be imposed.  Only after these Orders were issued did Langton & Alter finally file a late brief, along with a letter purporting to explain the firm's tardiness.  For example:

- In Mirabal v. Commissioner of Social Security (08-1079) (FSH), Plaintiff's brief was due on August 25, 2008, but was not filed by that date, nor was an extension of time in which to do so requested.  Many months later, on January 27, 2009, with no brief having been filed, the Court issued an Order To Show Cause why sanctions should not be imposed for failure to comply with Local Civil Rule

---

and unfounded arguments" after Mr. Alter accused the administrative law judge of picking the disability onset date "out of his imagination"); Orriols v. Commissioner of Social Security, 228 F. App'x 219, 225 n.4 (3d Cir. 2007) (noting "with displeasure" that Mr. Alter had accused "the ALJ of incompetence and partiality" and warning him to act appropriately in the future); Meyler v. Commissioner of Social Security, No. 06-4280 (3d Cir. June 22, 2007) (striking brief filed by Mr. Alter because it was "rife with *ad hominem* attacks" and warning that "any such similar conduct [in the future] will result in the issuance of an Order to Show Cause as to why [Mr. Alter] should not be sanctioned under Rules 11(b) and © of the Federal Rules of Civil Procedure"); Frazier v. Commissioner of Social Security, 240 F. App'x 495, 496 n.1 (3d Cir. 2007) (rebuking Mr. Alter for "once again . . . engaging in *ad hominem* attacks on the ALJ" and warning him to "cease this unprofessional conduct in the future").

9.1(a)'s filing requirements, with a response due on February 4, 2009. The Order warned Langton & Alter that "Local Civil Rule 9.1(b) provides that '[f]ailure to timely prepare the documents in L. Civ. R. 9.1(a) may result in the imposition of sanctions by the Court.'" [Docket No. 7.] On February 4, 2009, Mr. Alter filed an over-length brief, with a letter explaining that the brief was late because the firm "mislaid plaintiff's transcript. A 'total office search' failed to retrieve the administrative record and ultimately, quite accidentally if [sic] fell out of a different file wherein it had been erroneously esconsed [sic]." [Docket No. 8.]

- In <u>Johnson v. Commissioner of Social Security</u> (08-1124) (FSH), Plaintiff's brief was due on August 18, 2008, but was not filed by that date, nor was an extension of time in which to do so requested. Again, many months later on January 27, 2009, the Court issued an Order to Show Cause why sanctions should not be imposed for failure to comply with Local Civil Rule 9.1(a)'s filing requirements, with a response due on February 4, 2009. The Order warned Langton & Alter: "Local Civil Rule 9.1(b) provides that '[f]ailure to timely prepare the documents in L. Civ. R. 9.1(a) may result in the imposition of sanctions by the Court.'" [Docket No. 8.] On January 30, 2009, Langton & Alter filed an over-length brief that had been due the previous August, with a letter explaining that their "office is inundated with transcripts, EAJA Motions, and other Federal Court motions in addition to a full compliment of administrative hearings." Mr. Alter offered the "continuing promise . . . that we are in fact getting better at what we do and meeting most, though certainly not all, of our deadlines." [Docket No. 9.]

- In <u>Joassaint v. Commissioner of Social Security</u> (08-1606) (FSH), Plaintiff's brief was due on August 4, 2008, but was not filed by that date, nor was an extension of time in which to do so requested. Once again, many months later on January 27, 2009, the Court was required to issue an Order to Show Cause why sanctions should not be imposed for failure to comply with Local Civil Rule 9.1(a)'s filing requirements, with a response due on February 4, 2009. The Order duly warned Langton & Alter, once again, that "Local Civil Rule 9.1(b) provides that '[f]ailure to timely prepare the documents in L. Civ. R. 9.1(a) may result in the imposition of sanctions by the Court.'" [Docket No. 7.] On January 30, 2009, Mr. Alter filed a letter attacking the Court's "uniformly one-sided enforcement of the Rules of Court to the detriment of plaintiffs." Mr. Alter's letter further explained that he did not file a brief because Defendant did not respond to his Rule 9.1 letter. On February 2, 2009, Langton & Alter submitted Plaintiff's brief, 6 months late.

- In <u>Battiato-Musson v. Commissioner of Social Security</u> (08-3531) (FSH), Plaintiff's brief was due on November 25, 2008, but was not filed by that date, nor was an extension of time in which to do so requested. True to form, this Court needed to issue an Order to Show Cause after many months of dilatory behavior by Langton & Alter, again warning of sanctions. [Docket No. 7.] Langton & Alter filed Plaintiff's brief on February 6, 2009, with no effort even to state why

5

   the brief was late. [Docket No. 8.]

- In <u>Araujo v. Commissioner of Social Security</u> (08-5655) (FSH), Plaintiff's brief was due on April 20, 2009, but was not filed by that date, nor was an extension of time in which to do so requested. Once again, valuable Court time was wasted issuing an Order to Show Cause warning of sanctions simply to get a brief from Langton & Alter. [Docket No. 7.]

- In <u>Grimard v. Commissioner of Social Security</u> (08-6401) (FSH), Plaintiff's brief was due on May 12, 2009, but was not filed by that date, nor was an extension of time in which to do so requested. Same problem; same Court time wasted issuing an Order to Show Cause warning of sanctions simply to get Langton & Alter to file a brief. [Docket No. 5.]

- In <u>Hicks v. Commissioner of Social Security</u> (09-2191) (FSH), Plaintiff's brief was due on October 13, 2009, but was not filed by that date, nor was an extension of time in which to do so requested. By now, it barely needs to be stated that this Court was compelled to issue an Order to Show Cause warning of sanctions. [Docket No. 10.] This time, Mr. Alter filed Plaintiff's brief, along with a letter explaining that the brief had been inadvertently "diaried" for the wrong date and that the firm's only secretary, responsible for all of the firm's typing, had been out of the office. [Docket No. 11.]

- In <u>Mason v. Commissioner of Social Security</u> (09-5553) (FSH), Plaintiff's brief was due on March 31, 2010, but was not filed by that date, nor was an extension of time in which to do so requested. Yet another Order to Show Cause warning of sanctions was issued. [Docket No. 8.] This time, the excuse from Mr. Alter was that the brief was late because (1) the firm had been consumed by moving its offices for the past month and a half;[3] (2) the administrative record had been placed in storage during the move; (3) the firm did not have access to the internet in its new offices; (4) Mr. Alter was out of the office for eight days for Passover; and (5) Mr. Alter's secretary was out of the office for two weeks to attend a wedding. In other words, Mr. Alter was unable to comply with Local Rule 9.1(a) because he had been "bereft of the transcript (in storage), internet access, a secretary and the means to file required pleadings." [Docket No. 9.]

---

  [3] The Court notes that despite Mr. Alter's representation that the firm has moved, its address on Court filings has remained the same. Langton & Alter is reminded that Local Civil Rule 10.1(a) requires counsel to advise the Clerk's Office of any change in its address within five days of the change, and provides that sanctions may be imposed for failure to do so. <u>See, e.g.</u>, <u>Toodle v. Bush</u>, 2006 U.S. Dist. LEXIS 60137 (D.N.J. Dec. 13, 2006) ("The Court is authorized to impose harsh penalties when enforcing the Local Civil Rules, and thus may dismiss a complaint when a plaintiff fails to comply with Local Civil Rule 10.1(a).").

In addition to issuing these Orders to Show Cause, the Court tried a new method of eliciting compliance with the basic requirement of filing a brief; it began to include in its Opinions warnings to Langton & Alter that sanctions may be forthcoming if the firm persisted in filing its briefs late.  For example:

- In its Opinion and Order in <u>Mirabal v. Commissioner of Social Security</u> (08-1079) (FSH), the Court noted that "Langton & Alter has repeatedly failed to file timely briefs in [Social Security] matters.  Indeed, briefs have been filed in these cases only at the prodding of the Court.  This Order shall serve as notice to Langton & Alter that the Court will, by separate Order, convene a hearing as to why sanctions should not be imposed for failure to comply with the filing deadlines of Local Civil Rule 9.1(a)."  [Docket No. 17, slip op. 8 n.4.]

- In its Opinion and Order in <u>Johnson v. Commissioner of Social Security</u> (08-1124) (FSH), the Court noted that "Langton & Alter has repeatedly failed to file timely briefs in [Social Security] matters.  Indeed, briefs have been filed in these cases only at the prodding of the Court.  This Order shall serve as notice to Langton & Alter that the Court will, by separate Order, convene a hearing as to why sanctions should not be imposed for failure to comply with the filing deadlines of Local Civil Rule 9.1(a). Because of this firm's habitual filing of extremely late briefs, the Court orders Messrs. Langton and Alter to inform all new clients prior to retention that, if the firm's briefs are filed late, sanctions may include dismissal of the plaintiff's case."  [Docket No. 14, slip op. 7 n.6.]

- In its Opinion and Order in <u>Battiato-Musson v. Commissioner of Social Security</u> (08-3531) (FSH), the Court noted that "Langton & Alter has repeatedly failed to file timely briefs in [Social Security] matters.  Indeed, briefs have been filed in these cases only at the prodding of the Court.  This Order shall serve as notice to Langton & Alter that the Court will, by separate Order, convene a hearing as to why sanctions should not be imposed for failure to comply with the filing deadlines of Local Civil Rule 9.1(a).  Because of this firm's habitual filing of extremely late briefs, the Court orders Messrs. Langton and Alter to inform all new clients prior to retention that, if the firm's briefs are filed late, sanctions may include dismissal of the plaintiff's case."  [Docket No. 10, slip op. 10 n.18.]

- In its Opinion and Order in <u>Araujo v. Commissioner of Social Security</u> (08-5655) (FSH), the Court noted that "Langton & Alter has repeatedly failed to file timely briefs in [Social Security] matters.  Indeed, briefs have been filed in these cases only at the prodding of the Court.  This Order shall serve as notice to Langton & Alter that the Court will, by separate Order, convene a hearing as to why sanctions

> should not be imposed for failure to comply with the filing deadlines of Local Civil Rule 9.1(a). Because of this firm's habitual filing of extremely late briefs, the Court orders Messrs. Langton and Alter to inform all new clients prior to retention that, if the firm's briefs are filed late, sanctions may include dismissal of the plaintiff's case." [Docket No. 12, slip. op. 6 n.4.]

- In its Opinion and Order in Grimard v. Commissioner of Social Security (08-6401) (FSH), the Court noted that "Langton & Alter has repeatedly failed to file timely briefs in [Social Security] matters. Indeed, briefs have been filed in these cases only at the prodding of the Court. This Order shall serve as notice to Langton & Alter that the Court will, by separate Order, convene a hearing as to why sanctions should not be imposed for failure to comply with the filing deadlines of Local Civil Rule 9.1(a). Because of this firm's habitual filing of extremely late briefs, the Court orders Messrs. Langton and Alter to inform all new clients prior to retention that, if the firm's briefs are filed late, sanctions may include dismissal of the plaintiff's case." [Docket No. 11, slip. op. 3 n.3.]

Unfortunately, the Court's patient and persistent efforts to get Langton & Alter simply to file timely briefs have been in vain. Mr. Alter's warning to the Court in 2003 was his rule: He just would not file a brief until the Court "yelled" to demand it. An Order to Show Cause, to Mr. Alter, is just another way of making the Court "yell and scream." He treats these Orders to Show Cause as mere calendar reminders, and refuses to change his practices. This pattern of stubborn insistence on making the Court the keeper of Langton & Alter's schedule is just plain arrogant; it is unprofessional; it is disrespectful to this Court; it demeans all the other litigants and their attorneys who work hard to meet filing deadlines and to practice law at high standards.

As the instant case demonstrates, Langton & Alter continues to miss filing deadlines, and now even fails to timely respond to the Court's Orders to Show Cause warning of sanctions, despite the repeated admonitions that sanctions may be imposed for such failures.[4] One law firm

---

[4] Only on August 23, 2010 did the Court receive a letter from Langton & Alter's secretary, Madelyn McLaughlin, responding to the Order to Show Cause and requesting an extension of time in which to file Plaintiff's brief. [Docket No. 11.] In the letter, Ms. McLaughlin explains that she is "the only person in our office that opens all electronic mail

does not have the right to demand special treatment from our Court and no type of case is so special that briefs cannot be timely filed, despite Mr. Alter's insistence that he, and only he, is competent to handle Social Security cases. One attorney does not have the right to thumb his nose at this Court's rules, its Orders, its time, and its duty to maintain efficient case management in a District with a very heavy docket. In sum, it is shocking that, despite the patience and forbearance to issue sanctions shown to Mr. Alter and his firm, he still persists in his self-created rule that only the "Federal Judge that calls and screams gets the briefs." He has become a one-

---

regarding cases at District Court," and that she only opened the Court's August 2, 2010 Order to Show Cause on August 23, 2010 because she had been out of the office for family health reasons. While the Court is sympathetic to Ms. McLaughlin, who had just cause to be absent from work, her absence is no justification for Langton & Alter's complete failure to review emails from the Court during her nearly three week absence. Why a temporary administrative replacement for this secretary was not hired is inexplicable, given the self-proclaimed heavy docket of federal court cases. Messrs. Langton and Alter, as the attorneys of record, have the responsibility to monitor their cases, which includes checking emails for notices sent electronically by the Court and periodically reviewing each case's electronic docket for recent activity. To have an old mailing address listed on the docket and nobody reading electronic communications from the Court can have serious consequences. See, e.g., Lewis v. Blaine, 2005 U.S. Dist. LEXIS 36409 (D.N.J. Dec. 21, 2005) (denying reopening of time for appeal of denial of habeas corpus petition of death row inmate because time began to run when counsel was sent email notice of denial, despite counsel's argument that he did not receive the email).

     Moreover, Ms. McLaughlin's letter does not even attempt to show good cause why Langton & Alter missed the filing deadline for Plaintiff's brief in the first instance. Plaintiff's brief was due before Ms. McLaughlin's absence began. Langton & Alter has been on notice of this deadline since May 24, 2010, when the Court explicitly noted the deadline on the docket. [See Docket No. 3]. Ms. McLaughlin is not an attorney authorized to move for an additional seven days to file Plaintiff's brief. No extension is granted.

     This letter actually reveals that no attorney nor any paraprofessional in this law firm checks the docket or the Court's orders despite allegedly being electronic filers. Messrs. Alter and Langton shall file a certification with the Court no later than 10 days from this date stating that they have been taught how to be an electronic filer, and certifying that each shall individually ensure that he is checking the electronic dockets for his cases regardless of whether a secretary also does the same.

man pattern and practice of unprofessional conduct.[5]

The Court can no longer tolerate Langton & Alter's extraordinary failure to comply with the rules. Warnings do not work; Orders to Show Cause do not work; hearings and repeated exhortations do not work; patience does not work; forbearance does not work. Nothing short of sanctions will cause a change in attitude by this lawyer and this law firm. Langton & Alter earned sanctions years ago; it was only this Court's effort at restraint that caused them not to be issued. But patience and restraint with an unprofessional attorney have their limits, and Langton & Alter has far exceeded these limits.

Because of the extraordinary pattern of dilatory behavior and flouting the warnings issued

---

[5] Mr. Alter's habit of flouting of court rules, orders, and professional standards is not limited to his practice before this Court. The Third Circuit Court of Appeals has repeatedly lamented the "serious pattern of unprofessional and offensive behavior" demonstrated by Mr. Alter. Cruz v. Commissioner of Social Security, 244 F. App'x 475, 483 (3d Cir. 2007). The Court of Appeals has characterized Mr. Alter as "an habitual offender of the norms expected of attorneys," and whose "behavior has become prejudicial to the administration of justice." Id. The "trademark" of Mr. Alter's briefs to the Court of Appeals is not the tardiness routinely exhibited here, but rather the "hurling of insults" at Administrative Law Judges. Id. The Court of Appeals has described Mr. Alter's briefs as "rife with ad hominem attacks," employing "language that we deem offensive and for which there can be no justification or excuse," Meyler v. Commissioner of Social Security, No. 06-4280 (3d Cir. June 22, 2007), and containing "pejorative and unfounded arguments [that] ill serve his client and adversely affect his credibility." Neal v. Commissioner of Social Security, 57 F. App'x 976, 978 n.2 (3d Cir. 2003); see also Hernandez v. Commissioner of Social Security, 198 F. App'x 230, 236 (3d Cir. 2006) (noting "displeasure with the conclusory and unprofessional assertions that pervade [plaintiff's] brief"); Orriols v. Commissioner of Social Security, 228 F. App'x 219, 225 n.4 (3d Cir. 2007) (noting "with displeasure the conclusory and unprofessional assertions that pervade Orriols's brief" and stating that Mr. Alter's "conduct is offensive, reflects ill on counsel, and fails to serve his client"). The Court of Appeals has reprimanded Mr. Alter at least six times since 2000, and, in 2007, referred him to their Standing Committee on Attorney Discipline for a recommendation as to whether Mr. Alter should be disciplined for "his repeated violations of Local [Appellate] Rule 28.1© [requiring counsel to exercise appropriate professional behavior in all briefs and to refrain from ad hominem attacks on parties], his consistent disregard of the many reprimands he has received for those violations, and for conduct unbecoming a member of the bar." Cruz, 244 F. App'x at 484.

by this Court, Langton & Alter shall be fined $500 per day for each day that the brief in this case is overdue, having failed to demonstrate any "good cause" for the dilatoriness.  This fine will be paid by the partnership and Mr. Alter jointly and severally and will not be passed on to its clients.  If EAJA funds are sought, the fine shall not be in any manner whatsoever "covered" by EAJA funds.  Langton & Alter is now further officially warned that this fine shall also be applied in future cases.  No further phone calls will be made to make Mr. Alter aware of his own schedule.  No further Orders to Show Cause will be issued.  If a brief is not filed timely, Langton & Alter is now on notice that any such late brief shall be accompanied by a sworn affidavit stating the reasons for the lateness.  An unsworn certification will not be accepted.  The same per diem sanction will be imposed in each case where such affidavit is either not filed or contains a nonmeritorious excuse that does not meet the standard of "good cause."

     Hereafter, Mr. Alter shall also meet with each client from whom he takes a case assigned to this Court and warn that client that his or her case may be dismissed if Mr. Alter contumaciously refuses to abide by Court rules.  Mr. Alter shall file a certification to this Court within 20 days of a case having been filed and assigned to this Court that he has so advised his clients.  The certification shall further state that Mr. Alter has fully explained the risks to his client, and that Mr. Alter believes that his client understands the risk of dismissal.  Let us hope that Langton & Alter will not let its dereliction of duty cause its clients' cases to be dismissed.  Perhaps that is the only thing that will cause this firm to finally choose to comply with the rules and orders of the Court.

     An appropriate Order will issue.

                                             **/s/ Faith S. Hochberg**
                                             Hon. Faith S. Hochberg, U.S.D.J.